ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 28 2008

JAMES N. HATTEN, CLERK
By: [signature]

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DENISE DAVIDSON )
)
Plaintiff, ) CIVIL ACTION
)
v. )
) FILE NO. 1:08-CV-0696-GET
BROWN & BROWN INSURANCE )
OF GEORGIA, INC., MIKE PRICE )
and JOHN DOES 1 THROUGH 10, )
)
Defendants. )

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Denise Davidson, and makes, files and serves this her Complaint for Damages as follows:

## THE ACTION

1.

This is an action for damages for racial discrimination, retaliation and wrongful discharge in employment against the Defendants pursuant to Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. §2000e, et seq. ] and the Civil Rights Act of 1991 [ 42 U.S.C. §1981a ]; and for tortious intentional infliction of emotional distress brought against Defendants under the tort laws of the State of Georgia.

**THE PARTIES AND JURISDICTION**

2.

Jurisdiction of this action is conferred upon by the Court by 42 U.S.C. §§2000e-5(f) and 1988(a); and 28 U.S.C. §§1331, 1343 and 1367.

3.

Plaintiff, Denise Davidson, is a citizen of the United States and a resident of Fulton County, Georgia.

4.

Venue is proper in this Court inasmuch as the unlawful employment practices set forth herein were committed within the Northern District of Georgia, and within the Atlanta Division of the Northern District of Georgia.

5.

Defendant Brown & Brown Insurance of Georgia, Inc. (hereinafter referred to as "Defendant Brown & Brown") is a Georgia corporation located and doing business in the Northern District of Georgia and may be served by serving its registered agent, Corporations Service Company, 40 Technology Parkway South, #300, Norcross, Georgia, 30092; and when served, it will be subject to the jurisdiction and venue of this Court. Defendant Brown & Brown is an employer within the meaning of 42 U.S.C. §2000e-(b).

6.

Defendant Mike Price (hereinafter referred to as "Defendant Price") is a resident of the Northern District of Georgia and is subject to the jurisdiction of this Court. Defendant Price has been at all times material hereto a manager employed by Defendant Brown & Brown located at 1117 Perimeter Center, Suite N400, Atlanta, Georgia, 30338.

7.

Plaintiff is informed and believes and, based upon such information and belief, alleges that John Does 1 through 5 are, and at all times herein mentioned were corporations, partnerships, or other business entities, which were legally for the acts and events referred to in this Complaint.

8.

Plaintiff is informed and believes and, based upon such information and belief, alleges that John Does 6 through 10 are, and at all times herein mentioned were individuals, who were legally responsible for the acts and events referred to in this Complaint.

9.

Plaintiff is ignorant of the true names and capabilities of Defendants sued herein as John Does 1 through 10, inclusive, whether individual, corporate, associate, joint venture, partnership or otherwise and therefore sue Defendants under such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of Defendants sued herein as John Does 1 through 10 when the same have been ascertained.

10.

Plaintiff is informed and believes, and based upon such information and belief, further alleges that Defendants, including those sued herein as John Does 1 through 10, inclusive, and each of them, were and are the agents, servants, employees, officers, directors, principals, parents, subsidiaries, affiliates, joint ventures, partners, subcontractors, alter egos, or representatives of each other with respect to the events and transactions alleged herein. Plaintiff is informed and believes and based thereon further alleges that Defendants, including those sued herein as John Does 1 through 10, inclusive, and each of them, were involved in the acts, transactions, and omissions alleged herein below and are responsible in whole or in part for the injuries and damages herein alleged. Plaintiff is further informed and believes and based thereon alleges that at all

times herein mentioned, each of the Defendants, including those names herein as John Does 1 through 10, in addition to acting for himself, herself, itself, or his, her or its own behalf, individually, is and was at all material times acting as the agent, servant, employee and representative of each of the other Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such relationship and with the permission, consent and ratification of each and ever other Defendant. All of the references made herein below to Defendants, and each of them, include a reference to the fictitiously named Defendants.

**ADMINISTRATIVE PROCEDURES**

11.

On June 28, 2007, within 180 days of the alleged discriminatory conduct, Plaintiff filed a timely Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) denominated as charge No. 410-2007-04900 setting forth her claims for racial discrimination, harassment and retaliation. A copy of the charge is attached hereto as Exhibit "A."

12.

On September 4, 2007, Plaintiff filed an amended charge also setting forth her claim for wrongful discharge. A copy of the amended charge is attached hereto as exhibit “B”.

13.

The EEOC issued a Notice of Right to Sue on January, 25, 2008, setting the time to commence the action within ninety (90) days of her receipt of that notice. All conditions precedent to the institution of this action have been met.

**ALLEGATIONS COMMON TO ALL CLAIMS OF RELIEF**

14.

Defendant Brown & Brown owns and operates an insurance company called Brown & Brown Insurance of Georgia, Inc.

15.

On or about April 10, 2006, Plaintiff was hired by Defendant Brown & Brown as a Commercial Lines Account Manager.

16.

At all times material, Defendant Price was Plaintiff’s supervisor at Defendant Brown & Brown.

17.

During the course of her employment with Defendant Brown & Brown, Plaintiff endured a continuous course of racial discrimination and harassment at the hands of her supervisor, Defendant Price. This included his repeatedly making racist, offensive, malicious, derogatory, defamatory and insensitive comments and gestures.

18.

In March 2007, Plaintiff notified Linda Slafta, Defendant Brown & Brown's Manager of Human Resources, about Defendant Price's conduct and comments. Ms. Slafta advised Plaintiff that she would talk to Defendant Price, but his conduct and comments continued.

19.

Although degraded and humiliated, in order to keep her job, Plaintiff continued to work in a hostile work environment which caused her severe mental anguish, emotional distress and trauma.

20.

After Plaintiff made these complaints to Ms. Slafta, Defendant Price retaliated against her in various ways. The retaliation included, but was not limited to, being non-responsive to her phone calls and emails regarding client questions, refusing to speak or interact with her during working hours, disparaging her both personally and professionally, generally undermining her ability to work and function as a employee for the company, and denying her important and essential work-related information. Defendant Price's retaliatory actions made it extremely difficult for Plaintiff to function and do her job as an employee for the company.

21.

Due to Defendant Price's retaliatory actions, Plaintiff was also ostracized and alienated by co-workers.

22.

On or about June 11, 2007, Ms. Davidson was given a baseless and unwarranted write-up by Ms. Slafta at the direction of Defendant Price. This write-up was clearly a pretext för retaliation.

23.

On or about June 21, 2007, Defendant Price threatened Plaintiff by calling her into his office and telling her "[I]t is better to resign than to be terminated" or close approximation of that quote. Defendant Price then told Plaintiff that he was well known in the insurance industry and repeated this statement several times. After Defendant Price implicitly threatened to blackball Plaintiff if she refused to resign, Plaintiff immediately went to see William A. Zimmer, a Senior Vice President of Defendant Brown & Brown, and related Defendant Price's threats and conduct regarding his continuous racial discrimination and harassment.

24.

Despite the Plaintiff's continued complaints, Plaintiff is informed and believes Defendant Price was not fired, suspended or even reprimanded. Consequently, Plaintiff had no choice but to file an EEOC complaint on June 28, 2007. After filing this complaint, on or about July 11, 2007, Defendant Brown & Brown terminated Plaintiff for asserting her federally protected rights.

25.

Defendant Brown & Brown is liable for the actions of Defendant Price, Linda Slafta and William Zimmer, as their employer, with respect to the Plaintiff and the terms and conditions of her employment.

26.

Defendant Brown & Brown is liable for the actions of any and all employees involved in retaliatory actions against Plaintiff and wrongful discharge of the Plaintiff, as their employer, with respect to the Plaintiff and the terms and conditions of her employment.

27.

As a manager of the company, Defendant Price's knowledge and actions are imputed to Defendant Brown & Brown.

28.

As Manager of Human Resources, Linda Slafta's knowledge and actions are imputed to Defendant Brown & Brown.

29.

As an officer of the company, William Zimmer's knowledge and actions are imputed to Defendant Brown & Brown.

30.

The knowledge and actions of any and all employees involved in the retaliatory conduct against Plaintiff and wrongful discharge of Plaintiff are imputed to Defendant Brown & Brown.

I.

**TITLE VII**

31.

Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint as if fully set forth verbatim herein.

32.

Defendants' willfully and intentionally violated Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991, by repeatedly subjecting Plaintiff to a racially harassing, hostile and abusive work environment, by making Plaintiff's adherence to such conduct as set forth herein and said hostile work environment implicit terms and conditions of Plaintiff's employment, by creating a pervasively hostile work environment and by retaliating against and wrongfully terminating Plaintiff for having engaged in the protected activity of asserting her federally protected rights.

33.

Defendants' discriminatory actions toward Plaintiff where done with malice and reckless indifference to her federally protected rights.

34.

Defendants' racial discrimination and harassment of Plaintiff were sufficiently severe and pervasive to create an abusive and hostile work environment.

35.

As a result of the Defendants' acts, Plaintiff has suffered emotional pain and distress, extreme mental anguish and trauma, humiliation, loss of income and fringe benefits, unemployment benefits and future pecuniary losses.

36.

Defendant Brown & Brown had actual and constructive knowledge of Defendant Price, Linda Slafta and William Zimmer's actions, did not take steps to prevent their racial discrimination, retaliation and wrongful discharge of the Plaintiff, and by inaction ratified their egregious behavior.

37.

At all times material hereto, Defendant Price, Linda Slafta and William Zimmer were employees and agents of Defendant Brown & Brown, and therefore, Defendant Brown & Brown is liable for the acts and omissions of these employees under the doctrine of respondeat superior.

38.

At all times material hereto, the individuals involved in the retaliatory actions against Plaintiff and wrongful discharge of Plaintiff were employees and agents of Defendant Brown & Brown, and therefore, Defendant Brown & Brown is liable for the acts and omissions of these employees under the doctrine of respondeat superior.

39.

Defendants are therefore liable to Plaintiff for any and all damages which resulted from Defendants' racial discrimination and retaliatory actions against Plaintiff and wrongful discharge of Plaintiff.

II.

**TORTIOUS INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

40.

Plaintiff repeats and incorporates by reference paragraphs 1 through 39 of this Complaint as if fully set forth verbatim herein.

41.

The outrageous and egregious actions by Defendants against Plaintiff were willful, wonton or intentionally directed to harm Plaintiff and were of such a nature as would naturally humiliate, embarrass, frighten, or outrage her and thus were tortious under the laws of the State of Georgia.

42.

Defendant Price also intentionally inflicted emotional distress by his own actions.

43.

Defendant Brown & Brown had actual and constructive knowledge of Defendant Price's actions, and did not take steps to prevent his conduct, and by inaction ratified his egregious behavior.

44.

At all times material hereto, Defendant Price, Linda Slafta and William Zimmer, were employees and agents of Defendant Brown & Brown, and therefore, Defendant Brown & Brown is liable for the acts and omissions of these employees under the doctrine of respondeat superior.

44.

The acts as set forth herein by Defendants have caused Plaintiff substantial mental suffering, wounded feelings and emotional upset and distress.

45.

The Defendants are liable to Plaintiff for any and all general and special damages proximately resulting from Defendants' intentional infliction of emotional distress upon Plaintiff.

**III.**

**PUNITIVE DAMAGES**

46.

Plaintiff repeats and incorporates by reference paragraphs 1 through 45 of this Complaint as if fully set forth verbatim herein.

47.

The actions of Defendant Brown & Brown, Defendant Price, Linda Slafta, William Zimmer and any and all employees and agents of Defendant Brown & Brown involved in the racial discrimination and harassment of Plaintiff, the retaliatory actions against Plaintiff and wrongful discharge of Plaintiff complained of herein evidence such willful misconduct, wantonness, oppression, and an entire want of care which would raise a presumption of conscious indifference to the consequences thereby making appropriate the imposition of punitive damages against the Defendants. The amount of that award should be such as to deter the Defendants from such egregious conduct in the future to punish them for such egregious conduct.

48.

As a result of Defendants' deliberate, reckless and consciously indifferent action, the Plaintiff suffered significant mental pain and suffering and continues to suffer mental pain and suffering.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Denise Davidson, prays for relief as follows:

(a) to award her, under Title VII of the Civil Rights Act of 1964, as amended, back pay and lost benefits, front pay, plus pre-judgment interest thereon;

(b) to award her, under the Civil Rights Act of 1991, compensatory and punitive damages in the amount permitted by law and to be determined by enlightened conscience of the jury;

(c) to award her compensatory and punitive damages against Defendant Brown & Brown for intentional infliction of emotional distress;

(d) to award her compensatory and punitive damages against Defendant Price for intentional infliction of emotional distress;

(e) to award her actual and punitive damages against each of the Defendants jointly and severely for the willful, wonton, and egregious acts of the Defendants as set forth herein to be determined by the enlightened conscious of the jury;

(f) to award her reasonable attorneys' fees and the expenses of litigation; and

(g) such other further relief as this Court and jury may deem just and proper.

This 26th day of February, 2008.

GOETZ, PIERCE & ZAHLER

SCOTT M. ZAHLER
Georgia Bar No. 784220
CHARLES M. GOETZ, JR.
Georgia Bar No. 299000
SAMUEL P. PIERCE, JR., P.C.
Georgia Bar No. 579550

Overlook III, Suite 1740
2859 Paces Ferry Road
Atlanta, Georgia 30339
(770) 431-1100

ATTORNEYS FOR PLAINTIFF
DENISE DAVIDSON